WILMER CUTLER PICKERING
HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
JESSICA LEWIS (SBN 302467)
LAKSHMI REDDY (SBN 345741)
Sonal.Mehta@wilmerhale.com
Jessica.Lewis@wilmerhale.com
Lakshmi.Reddy@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ARI HOLTZBLATT (SBN 354631)
Ari.Holtzblatt@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6443

*Counsel for Defendants*

SCOTT+SCOTT ATTORNEYS AT LAW LLP
JOHN T. JASNOCH (SBN 281605)
MOLLIE ELIZABETH CHADWICK (SBN 329524)
jjasnoch@scott-scott.com
mchadwick@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOHN SUDDETH and SARA PERKINS,

Plaintiffs,

v.

META PLATFORMS, INC., INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, and WHATSAPP, LLC,

Defendants.

Case No. 3:25-cv-08581-RS

**JOINT STIPULATION OF DISMISSAL**

Judge: Hon. Richard Seeborg
Courtroom 12, 19th Floor

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and Civil Local Rule 7-12, Plaintiffs John Suddeth and Sara Perkins (collectively, "Plaintiffs") and Defendants Meta Platforms, Inc.; Instagram, LLC; Facebook Operations, LLC; and WhatsApp, LLC (collectively, "Defendants," and together with Plaintiffs, the "Parties") by and through their respective counsel hereby stipulate as follows:

WHEREAS, on October 7, 2025, Plaintiffs filed a complaint on behalf of themselves and a proposed class of all others similarly situated (the "Complaint") (Dkt. No. 1), alleging that third-party scammers impersonated Plaintiffs in advertisements on Facebook and Instagram, and that it was those scammers who "uploaded creative assets falsely depicting or quoting a known advisor" (*id.* ¶ 26);

WHEREAS, on March 24, 2026, the Court granted Defendants' motion to dismiss the Complaint with leave to amend (Dkt. No. 41), concluding in part that Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), barred Plaintiffs' claims because "[t]he core illegality—the choice to use Plaintiffs' likeness and falsely represent that they endorsed certain investments—was exclusively undertaken by the scammers" (*id.* at 5);

WHEREAS, on April 21, 2026, Plaintiffs filed the First Amended Class Action Complaint (the "FAC") (Dkt. No. 44), which eliminated allegations that Plaintiffs appeared in ads and instead alleged that Meta materially contributed to ads that did not depict Plaintiffs but instead led users to "WhatsApp impersonation group[s]" featuring Plaintiffs' names and likenesses, (Dkt. No. 53 at 6);

WHEREAS, on August 13, 2026, the Court granted Defendants' motion to dismiss the FAC (Dkt. No. 53), concluding that Meta's alleged contributions were limited to ads that "did not impersonate Plaintiffs," while Plaintiffs "conceded that the core illegal content which produced their injury—the impersonations on WhatsApp and Messenger—was created entirely by the scammers" (*id.* at 1);

WHEREAS, the Court granted Plaintiffs one final opportunity to amend "[b]ecause there remain[ed] a sliver of ambiguity about whether Plaintiffs aver that they were impersonated in the ads posted to Facebook and Instagram that they contend Meta participated in creating" (*id.* at 11);

WHEREAS, on September 3, 2026, Plaintiffs filed the Second Amended Class Action Complaint (the "SAC") (Dkt. No. 58), which alleged based on "information and belief" that Meta's

Dynamic Creative and Advantage+ creative generative artificial intelligence (AI) ad tools "autonomously" retrieved Plaintiffs' photographs, names, and credentials from their firm website and included them in Facebook and Instagram advertisements based only on the scammers' "generic seed inputs" (SAC ¶¶ 1-3, 32-36, 46-47, 49-51, 62, 64-65, 79, 83, 96, 98-99, 103, 123, 200, 208, 212) (the "SAC Ad-Tool Allegations");

WHEREAS, on October 16, 2026, Defendants' counsel sent Plaintiffs a letter explaining that the SAC Ad-Tool Allegations lack factual support because, as Meta publicly disclosed, Dynamic Creative and the relevant Advantage+ creative tools acted on advertiser-provided content—neither tool's functionality provides any basis for Plaintiffs' allegations that the tools autonomously retrieved images or information from third-party websites and placed the images or information in advertisements from a generic seed prompt, as the SAC alleges;

WHEREAS, on October 16, 2026, Defendants moved to dismiss the SAC (Dkt. No. 61), arguing that the SAC's new allegations that Meta's advertising tools "autonomously" retrieved Plaintiffs' photographs, names, and credentials and placed them into advertisements were "[b]ased entirely on speculative 'information and belief' allegations," and that the SAC "offer[ed] no plausible factual basis—such as an investigation of Meta's ad tools—to show this functionality existed" (*id.* at 1; *see id.* at 3, 5–8);

WHEREAS, the Parties have conferred to discuss the substance of Defendants' October 16, 2026 letter;

WHEREAS, based on the information provided by Meta, Plaintiffs have come to understand that the SAC Ad-Tool Allegations are incorrect, and that it was not possible for Meta's advertising tools to autonomously retrieve and place Plaintiffs' photographs, names, or credentials in advertisements as alleged in the SAC;

WHEREAS, for that reason, Plaintiffs agree to dismiss this action with prejudice;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that:

1. Plaintiffs withdraw the SAC Ad-Tool Allegations, which incorrectly assert that Meta's Dynamic Creative, Advantage+ creative, and/or other Meta advertising tools autonomously retrieved and placed Plaintiffs' photographs, names, or credentials in advertisements.

2. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), this action is dismissed in its entirety with prejudice as to Plaintiffs' claims against all Defendants.

3. Each Party shall bear its own attorneys' fees and costs.

4. All pending deadlines and hearings, including the hearing on Defendants' motion to dismiss the SAC, are vacated.

**~~[PROPOSED]~~ ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: November 16, 2026

HON. RICHARD G. SEEBORG
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2026

WILMER CUTLER PICKERING
HALE & DORR LLP

By: /s/ Jessica Lewis
SONAL N. MEHTA (SBN 222086)
JESSICA LEWIS (SBN 302467)
LAKSHMI REDDY (SBN 345741)
Sonal.Mehta@wilmerhale.com
Jessica.Lewis@wilmerhale.com
Lakshmi.Reddy@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ARI HOLTZBLATT (SBN 354631)
Ari.Holtzblatt@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6443

*Counsel for Defendants*

Dated: November 10, 2026

SCOTT+SCOTT ATTORNEYS AT LAW LLP
By: /s/ John T. Jasnoch
JOHN T. JASNOCH (SBN 281605)
MOLLIE ELIZABETH CHADWICK (SBN 329524)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
jjasnoch@scott-scott.com
mchadwick@scott-scott.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: November 10, 2026 By: */s/ Jessica Lewis*
Jessica Lewis

**ATTORNEY ATTESTATION**

I, Jessica Lewis, am the ECF User whose ID and password are being used to file this stipulation. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated: November 10, 2026 By: */s/ Jessica Lewis*
Jessica Lewis